IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

SHEDRICK LOWON GRACE                                              PLAINTIFF

VERSUS                              CIVIL ACTION NO. 4:08cv125-TSL-LRA

REGINALD SPENCER, UNKNOWN JEKINS,
and JAMES MOORE, SR.                                             DEFENDANTS

**MEMORANDUM OPINION**

On November 10, 2008, the plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 and requested in forma pauperis status. This court entered two orders in this case on November 12, 2008. One order [3] directed the plaintiff to sign and return an Acknowledgment of Receipt and Certification (Form PSP-3) or a Notice of Voluntary Dismissal (Form PSP-4) within 30 days. The plaintiff has failed to respond or comply with this order. The second order [4] entered on November 12, 2008, directed the plaintiff to file a completed application to proceed in forma pauperis, specifically the section entitled "Certificate to Be Completed by Authorized Officer" of prison accounts or file an affidavit specifically stating the name of the prison official contacted concerning the Certificate and why this information is not provided to this court within 30 days. The plaintiff has also failed to comply with this order. In fact, according to the docket entries the envelope [5] containing the orders [3 & 4] entered on November 12, 2008, addressed to the plaintiff as indicated in his complaint, was returned to this court with a

notation "return to sender – inmate no longer here – unable to forward."

On February 26, 2009, the plaintiff was ordered to show cause in writing on or before March 13, 2009, why this case should not be dismissed for his failure to comply with the court's orders [3 & 4] of November 12, 2008. The order to show cause [9] was mailed to the plaintiff at his home address. The plaintiff had provided on page 3 of his complaint [1] his home address as a second address. The plaintiff was warned in the order [9] entered on February 26, 2009, that if he did not comply with the court orders his case would be dismissed without further notice to the plaintiff.

Again, according to the docket entries, the plaintiff has failed to communicate with the court, either to inquire as to the status of his case, to provide the court with a current address or to comply with the orders of this court. Therefore, it is apparent from the plaintiff's failure to communicate with this court that he lacks interest in pursuing this claim.

This court has the authority to dismiss an action for the plaintiff's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss the action sua sponte. See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The court must be able to clear its calendars of cases that

2

remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court. Link, supra, 370 U.S. at 630.

Since the defendants have never been called upon to respond to the plaintiff's pleading, and have never appeared in this action, and since the court has never considered the merits of plaintiff's claims, the court's order of dismissal will be without prejudice.  Shaw v. Estelle, 542 F.2d 954 (5th Cir. 1976).

A final judgment in accordance with this Memorandum Opinion will be entered.

This the  30th    day of March, 2009.

                                            /s/Tom S. Lee
                                            UNITED STATES DISTRICT JUDGE